IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Blastrac N.A., Inc. and Blastrac Global, Inc. | )<br>)<br>) |
| Plaintiffs, | ) Case No.: CIV-15-1259-L |
| v. | )<br>) |
| National Flooring Equipment, Inc. | )<br>) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Blastrac N.A., Inc. and Blastrac Global, Inc. (collectively, "Blastrac") for their Complaint against National Flooring Equipment, Inc. ("NFE") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. 7,562,412 ("the '412 Patent") (a copy of which is attached hereto as Exhibit A), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §100 *et seq.*, and for such other relief as the Court deems just and proper.

**THE PARTIES**

2. Plaintiff Blastrac N.A., Inc. is a Delaware corporation having its principal place of business at 13201 N. Santa Fe Avenue, Oklahoma City, OK 73114.  Plaintiff

Blastrac Global, Inc. is a Delaware corporation having its principal place of business at 222 Greystone Road, Evergreen, CO 80439. Blastrac N.A., Inc. is a wholly owned subsidiary of Blastrac Global, Inc.

3. Blastrac is a global leader in portable surface preparation technologies and equipment.

4. On information and belief, Defendant National Flooring Equipment, Inc. is a Minnesota corporation having its principal place of business at 9250 Xylon Avenue North, Brooklyn Park, MN 55445.

5. On information and belief, NFE is a provider of surface preparation equipment, products and services throughout the United States, including in this district.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code.

7. The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.

8. The Court has personal jurisdiction over NFE. Upon information and belief, NFE does substantial, continuous and systematic business in the state of Oklahoma. Also, as set forth in detail below, NFE has purposefully directed its enforcement activities related to the '412 Patent at Blastrac N.A., Inc., a resident of Oklahoma.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

10. On September 15, 2015, NFE filed a patent infringement lawsuit against Blastrac in the District of Minnesota, No. 1:15-cv-03672-DWF-JJK ("the Minnesota lawsuit"). Attached hereto as Exhibit B is a true and correct copy of the Complaint ("the Minnesota Complaint") that NFE filed in the Minnesota lawsuit.

11. That same day, NFE, by and through counsel, requested by certified mail addressed to Brian McKenzie, President of Blastrac Global, Inc., 13201 North Santa Fe Avenue, Oklahoma City, OK 73114, that Blastrac Global waive service of the Minnesota complaint. A copy of this request is attached hereto as Exhibit C.

12. Also on September 15, 2015, NFE, by and through counsel, requested by certified mail addressed to Mark Haworth, President of Blastrac N.A., Inc., 13201 North Santa Fe Avenue, Oklahoma City, OK 73114, that Blastrac N.A. waive service of the Minnesota complaint. A copy of this request is attached hereto as Exhibit D

13. Blastrac agreed to waive service on October 15, 2015.

14. In the Minnesota lawsuit, NFE accused Blastrac's BMS-220 ADB and BMS-220-LPG floor scraping machines, as well as a BMS 220 ADB ride-on floor scraping machine sold by Diamatic USA, of infringing the '412 Patent.

15. Blastrac intends to move to dismiss the Minnesota complaint for lack of personal jurisdiction.

16. Blastrac has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '412 Patent. A substantial controversy now exists between the parties, which is of sufficient immediacy and reality to warrant declaratory relief.

17. The '412 Patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 et seq., including without limitation, §§ 102, 103 and/or 112.

## COUNT I
## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,562,412

18. Blastrac realleges and incorporates by reference each of the preceding paragraphs.

19. An actual and justiciable controversy requiring declaratory relief exists between Blastrac and NFEs as evidenced by NFE's Complaint in the Minnesota litigation alleging that Blastrac infringes the '412 Patent.

20. In the Minnesota Complaint, NFE alleged that "Blastrac has been and is making, using, offering for sale, importing and selling, without license or authority of [NFE], battery powered riding floor stripping machines embodying the invention(s) claimed in the ['412] Patent. Such activities constitute direct infringement of the ['412] Patent in violation of 35 U.S.C. § 271(a)." NFE further alleges that Blastrac has actively induced infringement of the '412 Patent and has contributed to infringement of the '412 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), respectively.

21.  Blastrac has not infringed and does not infringe, either directly or indirectly or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '412 Patent.

## COUNT II

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,562,412

22.  Blastrac realleges and incorporates by reference each of the preceding paragraphs.

23.  The claims of the '412 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 102, 103 and/or 112.

24.  Each of the claims of the '412 Patent is anticipated and/or rendered obvious by at least one or more of the following prior art references, either standing alone or in combination with one another: U.S. Patent Nos. 5,641,206, 5,702,161, 5,772,284, 6,343,981, and 6,540,305.

25.  Each of the claims of the '412 Patent are invalid under of 35 U.S.C. § 112 for failure to meet the written description and/or enablement requirements of that section. During prosecution of the application that matured into the '412 Patent, the applicants added language to the claims that is not supported in the specification, and for which the specification provides no enablement, including without limitation the "first vertically adjustable blade plate positioned generally perpendicular to the floor surface and held by the blade plate bracket."

## PRAYER FOR RELIEF

WHEREFORE, Blastrac prays for an order entering judgment as follows:

A.  Declaring that Blastrac has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '412 Patent, either literally or under the doctrine of equivalents.

B.  Declaring that the claims of the '412 Patent are invalid.

C.  Awarding Blastrac its costs in this matter;

D.  Awarding Blastrac its attorneys' fees pursuant to 35 U.S.C. § 285; and

E.  Awarding any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Blastrac respectfully requests a trial by jury

                    Respectfully submitted,

                    *s/Spencer F. Smith*
                    Spencer F. Smith, OBA #20430
                    John A. Kenney, OBA #4976
                    McAfee & Taft, P.C.
                    10th Floor, Two Leadership Square
                    211 N. Robinson
                    Oklahoma City, OK 73012
                    Telephone: (405) 235-9621
                    Facsimile: (405) 235-0439
                    Spencer.Smith@mcafeetaft.com
                    John.Kenney@mcafeetaft.com

                    and

                                          Thomas P. McNulty
                                          Ann Lamport Hammitte
                                          LANDO & ANASTASI, LLP
                                          Riverfront Office Park
                                          One Main Street – 11th Floor
                                          Cambridge, MA 02142
                                          Telephone (617) 395-7000
                                          Facsimile: (617)-395-7070
                                          [tmcnulty@lalaw.com@lalaw.com](mailto:tmcnulty@lalaw.com@lalaw.com)

                                          *Attorneys for Plaintiffs Blastrac N.A., Inc. and Blastrac Global, Inc.*